**ALLIANCE TO END REPRESSION et al., Plaintiffs,**

v.

**James ROCHFORD et al., Defendants.**

**Nos. 74 C 3268.**

United States District Court,
N. D. Illinois, E. D.

Nov. 10, 1976.

See also D.C., 431 F.Supp. 25.

Richard M. Gutman, Lance Haddix, Val. R. Klink, Chicago, Ill., for plaintiffs.

William Quinlan, Corp. Counsel, George M. Keane, Jr., James Daley, Asst. Corp. Counsels, for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on plaintiffs' motion for a preliminary injunction restraining defendants from engaging in the following alleged activities: (1) joining plaintiffs' legal team; (2) gathering information about plaintiffs' evidence, legal strategy, legal preparations, legal objectives and litigation schedule; and (3) utilizing any of the above information in the litigation of this suit. Plaintiffs further seek an order compelling defendants to impound any information already gathered by defendants while engaged in the above-named activities.

■ The parties agree that since the written memoranda and exhibits submitted with regard to this motion constitute the evidence and there is no serious dispute as ·to critical facts, the motion for injunctive relief may be decided by this Court without an evidentiary hearing, *Ross-Whitney Corp. v. Smith, Kline, and French Labs,* 207 F.2d 190 (9th Cir. 1953).

## INJUNCTION AGAINST INFILTRATION AND INFORMATION–GATHERING

Plaintiffs argue that defendants must be restrained from infiltrating plaintiffs' legal team to obtain information and establish files about plaintiffs' legal preparations and evidence. In support of this argument plaintiffs present documentary evidence that defendants have engaged in the following activities: (1) infiltrated the Surveillance Task Force meetings of plaintiff Alliance to End Repression ("Alliance"); (2) photographed members of the Surveillance Task Force; (3) ordered background reports about members of the Surveillance Task Force and the attorney for plaintiff Alliance; (4) infiltrated plaintiffs' legal team and actively participated in interviewing potential plaintiffs; (5) attended private meetings of plaintiffs and their counsel; (6) attended a law school class in which pending litigation was discussed.

Defendants respond that they are no longer engaged in the infiltration activities described above and submit the affidavit of the Commander of the Intelligence Division which verifies that there has been no such activity during the past year, and there is no "present intention" to initiate such activity. Defendants further note that plaintiffs' most current documentary evidence of infiltration is dated July, 1975.

■ In order to grant a preliminary injunction this Court must find that movants have shown: (1) the likelihood of success on the merits; (2) irreparable harm to movants; (3) minimal harm to the non-moving parties and to the public, Rule 65, Federal Rules of Civil Procedure; *Illinois ·Migrant Council v. Pilliod,* No. 75–2019 (August 17, 1976).

■ Upon careful examination of the parties' arguments and evidence in this case, this Court concludes that it is necessary to enter a preliminary injunction against defendants' infiltration of plaintiffs' legal team. The Court finds plaintiffs have demonstrated that:

(1) Plaintiffs are likely to prevail on the merits.

(2) Plaintiffs have been irreparably harmed by defendants' infiltration. While there is no evidence that infiltration is *currently* going on, plaintiffs have shown that defendants' infiltration activities are likely to recur if an injunction is not granted. Defendants' .representations that they are no longer engaged in the infiltration activities described are not enough, *Gray v. Sanders,* 372 U.S. 368, 376, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963).

(3) There is no harm to defendants or the public generally since this Order only bars infiltration activities of defendants and not other methods of pretrial discovery.

Accordingly, this Court hereby orders that defendants and their agents are enjoined from joining plaintiffs' legal team.

## INJUNCTION AGAINST USE OF INFORMATION PREVIOUSLY GATHERED

■ Plaintiffs next argue that defendants should be enjoined from *using* any information that has been gathered already and that any such information should be impounded to insure that it will not be used in defendants' preparation for trial.

Defendants respond by making two arguments: (1) that plaintiffs' interests are not protectible interests, and (2) that plaintiffs have no right to the extraordinary remedy of a preliminary injunction because they have an adequate legal remedy to protect any interests they might have. Defendants argue that since Judge Perry has already ordered that established files are not to be

destroyed, this Court has insured the availability of the evidence to plaintiffs.

Defendants further argue that plaintiffs' interest in defendants' use of files may later be protected by motions *in limine* or for a protective order. Defendants argue that under these circumstances plaintiffs have an adequate remedy at law and that no injunction should issue.

This Court does not agree that plaintiffs have an adequate remedy at law to protect them from the effects of defendants' surveillance activities. This Court finds plaintiffs have sufficiently demonstrated that defendants have gathered information about litigation plans and strategy by infiltration of meetings between organization members and at least one of plaintiffs' attorneys.

This Court strongly disapproves of the method by which defendants "discovered" information in preparation for trial in defiance of the Federal Rules of Civil Procedure. Infiltration allowed defendants to obtain "discovery" from plaintiffs in circumvention of orderly discovery procedures required by the Federal Rules. Further, defendants' surveillance allowed them to discover materials which would have not been discoverable under the Federal Rules, e. g., privileged materials.

This Court finds that plaintiffs have demonstrated: (1) a likelihood of prevailing on the merits; (2) irreparable harm because defendants' circumvention of the Federal Rules of Civil Procedure has prevented plaintiffs from exercising their rights to challenge such discovery; and (3) minimal harm to defendants in light of the fact that this order does not bar lawful discovery contemplated by the Federal Rules.

### CONCLUSION

Accordingly, the Court hereby enjoins defendants from joining plaintiffs' legal team. Defendants are enjoined from using any and all data which has been obtained by defendants or their agents as a result of joining plaintiffs' legal team and gathering information about plaintiffs' evidence, legal strategy, legal preparations, legal objectives, and litigation schedule by means other than orderly discovery procedures. Defendants are further enjoined from gathering information about non-public communications concerning plaintiffs' evidence, legal strategy, legal objectives or litigation schedules. This Court will impose stronger sanctions if defendants continue, as hereinbefore discussed, to gather information about plaintiffs' legal preparation.